```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
BRANDON DECHAUN BUSH,           *
                                *
    Plaintiff,                  *
                                *
vs.                             *  CIVIL ACTION NO. 18-00216-TFM-B
                                *
C. JOHNSON,                     *
                                *
    Defendant.                  *
```

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Brandon Dechaun Bush filed the instant action seeking relief under 42 U.S.C. § 1983, along with motions to proceed without prepayment of fees, while he was a pretrial detainee at the Mobile County Jail. (Docs. 1, 2, 4, 5). The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action.

In an order dated July 12, 2018, the Court granted Bush's motions and instructed him to "advise the Court immediately of a change in address, e.g., when he is transferred, released, etc." (Doc. 6 at 3). Bush was cautioned that failure to advise the Court of a change in his address would result in dismissal of his action for failure to prosecute and obey the Court's order. (Id.).

Bush named "Officer C. Johnson" of the Mobile County Jail as the sole defendant in this action. (Doc. 4). In accordance with the Court's standing order dated February 1, 1994, the Clerk of Court sent a Notice of Lawsuit and Request for Waiver of Service and Summons to "C. JOHNSON" at the Mobile County Jail. (Doc. 13). The mail was returned to the Clerk as undeliverable on August 15, 2018, with the following notation: "Need full name of C. Johnson. Cannot identify." (Doc. 14).

Accordingly, in an Order dated January 29, 2019, the Court advised Bush that the Court needed Officer C. Johnson's full name, including first name, in order to effect proper service on said Defendant. (Doc. 20). Therefore, the Court ordered Bush to provide the Court with the full name of Officer C. Johnson, in writing, on or before February 19, 2019. (Id.). On January 29, 2019, a copy of the Court's order was mailed to Bush at the Mobile County Jail, which is his address of record. (See Doc. 21 at 1). On February 5, 2019, the mail was returned as undeliverable. (Id.). The notation on the envelope states "RETURN TO SENDER . . . NO LONGER HERE[.]" (Id.). A search of the Mobile County Sheriff's Office website confirms that Bush is no longer at the Mobile County Jail. To date, Bush has not provided the Court with an updated address. Because Bush is no longer detained at the Mobile County Jail and has neglected to keep the Court apprised of his current address,

the Court has no means by which to communicate with him and surmises that he has lost interest in this action.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no lesser sanction will suffice. See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op of Fla., 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (finding that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (stating that the court's inherent power to manage its affairs permitted the imposition of fines), cert. denied, 510 U.S. 683 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on

all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **February, 2019.**

                                  **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**